Liu v. Sessions

BIA
Sichel, IJ
A087 785 397

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand seventeen.

PRESENT:
>           DENNIS JACOBS,
>           ROSEMARY S. POOLER,
>           CHRISTOPHER F. DRONEY,
>                 *Circuit Judges.*

_____

ZHENGLONG LIU,
>           *Petitioner,*

> v.                                          15-4009
>                                             NAC

JEFF SESSIONS, UNITED STATES
ATTORNEY GENERAL,
>           *Respondent.*[1]

_____

FOR PETITIONER:              Gary J. Yerman, Yerman & Jia, LLC, New York, N.Y.

FOR RESPONDENT:              Benjamin C. Mizer, Principal Deputy Assistant Attorney General; John S. Hogan, Assistant Director; Mona

---

[1] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Jeff Sessions is automatically substituted for former Attorney General Loretta E. Lynch as Respondent.

Maria Yousif, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Zhenglong Liu, a native and citizen of China, seeks review of a November 17, 2015, decision of the BIA affirming an April 4, 2014, decision of an Immigration Judge ("IJ") denying Liu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Zhenglong Liu*, No. A087 785 397 (B.I.A. Nov. 17, 2015), *aff'g* No. A087 785 397 (Immig. Ct. N.Y. City Apr. 4, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the BIA's and IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

The governing REAL ID Act credibility standard provides that the agency may, "[c]onsidering the totality of the

2

circumstances," base a credibility finding on an applicant's "demeanor, candor, or responsiveness," the plausibility of his account, and inconsistencies in his statements and other record evidence "without regard to whether" those inconsistencies go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin*, 534 F.3d at 163-64. "[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006) (internal quotation marks and citations omitted). "We defer . . . to an IJ's credibility determination unless . . . it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. Further, "[a] petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (internal quotation marks and citation omitted; emphasis in original). For the reasons that follow, we conclude that

substantial evidence supports the agency's determination that Liu was not credible.

First, the agency reasonably based the credibility determination on Liu's omission of his mother-in-law's phone call from his application. *See Xiu Xia Lin*, 534 F.3d at 166-67 & n.3 ("An inconsistency and an omission are . . . functionally equivalent" for credibility purposes.). Liu testified that his wife returned from hiding because his mother-in-law had called her and told her that Liu was detained. However, Liu omitted any mention of this call from his application statement. The IJ considered Liu's explanation that he relayed only the main points of what happened in his statement, but was not compelled to accept it. *See Majidi*, 430 F.3d at 80. Although Liu contends that this was a minor omission, the agency was entitled to rely on it in support of the credibility determination. *Tu Lin*, 446 F.3d at 402.

Second, the agency reasonably based the credibility determination on inconsistencies among Liu's testimony and application concerning the payment to police. *See Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. Liu testified that his in-laws came to the detention center and paid a 5,000 RMB fine to secure his release; he later testified that this payment was a bail bond.

4

However, Liu stated in his application that he and his wife were fined 5,000 RMB *after* he was released from detention. When Liu was asked why his application statement omitted any mention of his in-laws paying the fine, he responded that his statement was supposed to include this information. When asked to clarify, because his statement indicated that he was fined after his release, Liu did not respond directly. When again asked to explain, he stated that he simplified his written statement and that his in-laws paid the fine because he was unable to pay. The IJ explicitly considered Liu's explanations, but was not compelled to accept them because they did not explain the inconsistencies. *See Majidi*, 430 F. 3d at 80.

Third, the agency reasonably based the credibility determination on an inconsistency between Liu's testimony and application regarding how long his wife had been pregnant when she went into hiding. *See Xiu Xia Lin*, 534 F.3d at 163-64, 166-67. Liu testified that his wife discovered her pregnancy at the beginning of May 1993, when she had been pregnant for 40 days, and went into hiding a week later for about ten days. However, Liu stated in his application that his wife went into hiding after discovering she was three months' pregnant. When Liu was confronted with this discrepancy, he stated that his

wife had told him that she was three months' pregnant, but that later the hospital provided a more precise diagnosis of 40 days. Liu next explained that he did not have the hospital's diagnosis with him when he wrote his application statement, but he later explained that his application statement was inaccurate because he did not pay much attention to these details. The IJ considered Liu's explanations, but reasonably found them unpersuasive. *See Majidi*, 430 F.3d at 80.

Given the agency's foregoing inconsistency findings and proper rejection of Liu's corresponding explanations, the totality of the circumstances supports the adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 165-66; *Tu Lin*, 446 F.3d at 402. A reasonable fact-finder would not be compelled to conclude otherwise. *Xiu Xia Lin*, 534 F.3d at 167. The credibility finding is dispositive of asylum, withholding of removal, and CAT relief because all three claims are based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED. Any pending request for oral argument in this petition is DENIED

in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk